IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONILA M. JAVIER and PEDRO JAVIER,<br><br>    Plaintiffs,<br><br>  v.<br><br>PHILIPPINE AIRLINES, INC.,<br><br>    Defendant.<br>_____/ | No. C 09-03398 JSW<br><br>**ORDER (1) DENYING DEFENDANT'S ADMINISTRATIVE MOTION TO CONTINUE HEARING AND (2) DENYING PLAINTIFFS' MOTION TO STRIKE** |

    Now before the Court is the administrative motion filed by Defendant to continue Plaintiffs' motion to strike and Plaintiffs's motion to strike Defendant's affirmative defenses. The Court DENIES Defendant's motion to continue the motion to strike. Although Defendant apparently intends to raise the same issues addressed in Plaintiffs' motion to strike in a motion for summary judgment, Defendant has not identified any questions of fact which would preclude the Court from adjudicating these issues as a matter of law pursuant to Plaintiffs' motion to strike. Plaintiffs' motion to strike is now fully briefed and ripe for decision. The Court finds that this matter is appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civ. L.R. 7-1(b). Accordingly, the hearing set for April 30, 2010 is VACATED. Having carefully reviewed the parties' papers, considered their arguments and the relevant authority, and good cause appearing, the Court hereby DENIES Plaintiffs' motion to strike.

**BACKGROUND**

This is a personal injury action filed by plaintiffs Leonila Javier and Pedro Javier, Leonila Javier's son, against defendant Philippinne Airlines, Inc. ("Philippinne Airlines"). Leonila Javier seeks damages for personal injuries she allegedly sustained while on a Philippine Airlines flight from Vancouver, Canada to Manila in the Phillippines on October 15, 2008. Pedro Javier was on the same flight and seeks to recover for emotional distress he allegedly suffered from observing his mother's injury. Both Leonila and Pedro Javier's claims are brought under the Montreal Convention.[1]

Plaintiffs move to strike the affirmative defenses asserted against Pedro Javier's claims. The Court shall discuss additional facts as necessary in the analysis.

**ANALYSIS**

**A.     Legal Standard on Motion to Strike.**

"The court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous material." Fed. R. Civ. P. (12)(f). Immaterial matter "is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Cal. Dept. of Toxic Substance Control v. ALCO Pacific, Inc.*, 217 F. Supp. 2d 1028, 1032 (C.D. Cal. 2002) (internal citations and quotations omitted). Impertinent material "consists of statements that do not pertain, or are not necessary to the issues in question." *Id*. Motions to strike are regarded with disfavor because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice. *Colaprico v. Sun Microsystems Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991). "[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Colaprico v. Sun Microsystems Inc.*, 758 F. Supp 1335, 1339 (N.D. Cal. 1991). Ultimately, the decision as to whether to strike allegations is a matter within the Court's discretion. *Id*.

---

[1] The Montreal Convention was signed on May 28, 1999 and entered into force on November 4, 2003. *See* Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, *reprinted in* S. Treaty Doc. No. 106-45.

**B.     Plaintiffs' Motion to Strike.**

Plaintiffs move to strike Philippine Airlines' affirmative defenses that this Court does not have jurisdiction under the Montreal Convention to hear Pedro Javier's claim, that Pedro Javier did not suffer "bodily injury" required under the Montreal Convention, and that Pedro Javier's bystander claim should be dismissed as preempted.

There is no dispute that Plaintiffs' claims in this action are governed by the Montreal Convention. There is also no dispute that an action under the Montreal Convention can be commenced in the "principal and permanent residence" of the injured passenger pursuant to Article 33(2) of the Convention, as long as the air carrier does business there directly or indirectly. Although Leonila Javier alleges that her "principal and permeant residence" is in Alameda County, Pedro Javier has admitted that his "principal and permanent residence" is in Canada and that if his claim is analyzed individually, there is no basis for jurisdiction over his claims in this action under the Montreal Convention. (Mot. at 3.)

The Montreal Convention provides the exclusive remedy for injuries or damage to individuals incurred on board international flights. *See* Montreal Convention Art. 29; *see also El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng,* 525 U.S. 155, 160-61 (1999). If there is no jurisdiction under the treaty, then the Court must dismiss the matter for lack of subject matter jurisdiction. *See Hornsby v. Lufthansa German Airlines*, 593 F. Supp. 2d 1132, 1135-36 (C.D. Cal. 2009); *see also Sopcak v. Northern Mountain Helicopter Serv.,* 52 F.3d 817, 818-19 (9th Cir. 1995).

Plaintiffs argue that this Court may assert jurisdiction of Pedro Javier's claims because there is clearly jurisdiction under the Convention over claims arising out of Leonila Javier's injury. Plaintiffs contend that it would not make sense to hear their claims separately. In support of this argument, Plaintiffs rely on authority finding jurisdiction over wrongful death claims in the jurisdiction where the decedent could have brought a claim. However, in wrongful death claims, the plaintiffs are suing for harm to the deceased passenger. In contrast, here, Pedro Javier is suing to recover for harm, emotional injuries, to himself. Therefore, the Court finds cases addressing jurisdiction under the treaty in wrongful death claims inapplicable.

3

Alternatively, Plaintiffs argue that this Court may exercise supplemental jurisdiction over Pedro Javier's claims pursuant to 28 U.S.C. § 1367. In support of this argument, Plaintiffs rely on authority in which courts declined to exercise jurisdiction under the treaty based on the *forum non convenient* doctrine. However, again, the Court finds such authority inapplicable. Courts applying a doctrine to *decline* to exercise jurisdiction does not provide authority for *expanding* jurisdiction under the Montreal Convention based on a federal statute. *Cf. Poddar v. Singapore Airlines, Ltd.*, 2004 WL 5642000, *2 (C.D. Cal. July 8, 2004) (finding that where the Warsaw Convention applies to the action before the court, the court cannot exercise "treaty" jurisdiction unless jurisdiction is proper under the treaty itself). Plaintiffs' reliance on *Albingia Versicherungs A.G. v. Schenker Intern. Inc.*, 344 F.3d 931, 936 (9th Cir. 2003) is misplaced. In *Albingia*, the court affirmed the exercise of supplemental jurisdiction pursuant to Section 1367 over state-law claims. *Id*. Plaintiff has not cited to, nor has the Court found, any authority providing that this Court may exercise jurisdiction over a claim under the Montreal Convention when jurisdiction under the treaty is lacking. In the absence of such authority, the Court finds that it cannot exercise jurisdiction of Pedro Javier's claims under the treaty. Therefore, the Court denies Plaintiffs' motion to strike and dismisses Pedro Javier's claims.[2]

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' motion to strike Philippine Airlines' affirmative defenses and DISMISSES Pedro Javier's claims for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: April 26, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[2] Because the Court finds that it has no jurisdiction over Pedro Javier's claims, the Court need not address whether Pedro Javier can state a claim for bystander injury under the Montreal Convention.

4